# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-10325
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
October 3, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Pedro Pena-Talamantes,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-326-1

_____

Before Dennis, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Pedro Pena-Talamantes appeals his within-guidelines range sentence for illegal entry following deportation. *See* 8 U.S.C. § 1326(a) & (b)(1). The district court sentenced Pena-Talamantes to 18 months of imprisonment followed by three years of supervised release. Pena-Talamantes contends that his supervised release term violates *Apprendi v. New Jersey*, 530 U.S. 466

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10325

(2000), because it is greater than the one-year term permitted under § 1326(a) and is based on a fact—his prior conviction for a felony—that was neither pleaded in the indictment nor found by a jury beyond a reasonable doubt or admitted by him in pleading guilty. Pena-Talamantes concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and that he seeks to preserve it for possible Supreme Court review. The Government moves for summary affirmance, urging that Pena-Talamantes's argument is foreclosed, or, alternatively, for an extension of time in which to file a merits brief.

The parties are correct that Pena-Talamantes's argument is foreclosed by *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper. Accordingly, the Government's motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time is DENIED. The judgment is AFFIRMED.